1

2

3

4

5

6

7

8                      UNITED STATES DISTRICT COURT

9                 FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   ERIC WARREN,                              Case No.  1:21-cv-00120-JLT-HBK (PC)

12                    Plaintiff,               FINDINGS AND RECOMMENDATIONS TO
                                               GRANT IN PART AND DENY IN PART
13          v.                                 PLAINTIFF'S MOTION TO STRIKE
                                               DEFENDANT'S AFFIRMATIVE DEFENSES[1]
14   N. NDU,
                                               (Doc. No.  23)
15                    Defendant.
                                                FOURTEEN-DAY OBJECTION PERIOD
16

17

18          Plaintiff Eric Warren, a state prisoner, is proceeding pro se and *in forma pauperis* on his

19   Second Amended Complaint ("SAC") stemming from events that allegedly occurred while

20   Plaintiff was confined at the California Substance Abuse and Treatment Facility ("CSATF").  The

21   SAC asserts an Eighth Amendment deliberate medical indifference claim against Defendant Ndu,

22   a physician at CSATF.  (Doc. No. 14 at 2).  Defendant filed an Answer to Plaintiff's SAC

23   asserting twelve affirmative defenses.  (Doc. No. 21 at 10-12).  Pending before the Court is

24   Plaintiff's motion to strike Defendant's affirmative defenses one through ten and twelve, filed

25   August 28, 2023.  (Doc. No. 23, "Motion").  Defendant filed a timely response in opposition on

26

27   [1] This matter was referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(A) and Local Rule
     302(c)(17) (E.D. Cal. 2022).
28

September 5, 2023.  (Doc. No. 24).  Plaintiff has not filed a reply to the response and the time to do so has now passed.  Local Rule 230(1) (E.D. Cal. 2022).

## I.  LEGAL STANDARD

Federal Rule of Civil Procedure 8(c) requires the responding party to "affirmatively state any avoidance or affirmative defense" and then provides a nonexhaustive list of affirmative defenses that may be pled in response to vitiate the plaintiff's claim.  Fed. R. Civ. P. 8(c)(1); *Jones v. Bock*, 549 U.S. 199, 212 (2007) (finding list "nonexhaustive").  An affirmative defense is an assertion of facts that if proven would defeat or reduce the stated claim.  Thus, allegations that merely claim the plaintiff cannot meet its burden of proof or merely reserves the right to identify future defenses is not a proper affirmative defense.  *See Zivkovic v. So. Cal. Edison Co*., 302 F.3d 1080, 1088 (9th Cir. 2002).

Under Federal Rule of Civil Procedure 12(f), courts "may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter."  *Petrie v. Elec. Game Card, Inc.*, 761 F.3d 959, 966-67 (9th Cir. 2014) (internal quotations omitted).  As a rule, an affirmative defense may be deemed insufficient either as a matter of law or as a matter of pleading.  *Gomez v. J. Jacobo Farm Labor Contr., Inc*., 188 F. Supp.3d 986, 991 (E.D. Cal. 2016).  A legally insufficient affirmative defense "lacks merit under any set of facts the defendant might allege."  *Id*.  The Ninth Circuit has long held that an affirmative defense is insufficient as a matter of pleading if it fails to give the plaintiff "fair notice of the defense."  *Wyshak v. City Nat'l Bank*, 607 F.2d 824, 827 (9th Cir. 1979); *Gomez*, 188 F.Supp.3d at 991.[2]  "'[T]he fair notice' required by the pleading standards only requires describing [an affirmative] defense in 'general terms.'"  *Kohler v. Flava Enters., Inc.*, 779 F.3d 1016, 1019 (9th Cir. 2015); *Gomez*, 188 F.Supp.3d at 991.  "Fair notice . . . requires that the defendant state the nature and grounds for the affirmative defense."  *Gomez*, 188 F.Supp.3d at 992; *United States v. Gibson Wine Co.*, 2016 WL

---

[2] Plaintiff advocates that the *Twombly* "plausibility standard" applies in determining the sufficiency of the defense.  (Doc. No. 23 at 2).  The undersigned has located only one circuit court to adopt the plausibility standard.  *See GEOMC Co. v. Calmare Therapeutics Inc*., 918 F. 3d 92, 97-98 (2d Cir. 2019).  Unlike Fed. R. Civ. P. 8(a) which requires a "showing," Rule 8(c) requires only that the pleader "affirmatively state."  Thus, the undersigned applies the "fair notice" standard adopted by the Ninth Circuit in *Wyshak*, until binding precedent dictates otherwise.

1  1626988 (E.D. Cal. Apr. 25, 2016).  Although the fair notice bar is "low" and does not require

2  "great detail" it does require "some factual basis for its affirmative defense."  *Gomez*, 188

3  F.Supp.3d at 992; *Gibson Wine*, 2016 U.S. Dist. LEXIS 55053 at *13, 2016 WL 1626988.  Thus,

4  bare references to doctrines or statutes are unacceptable because they "do not afford fair notice of

5  the nature of the defense pleaded."  *Gomez*, 188 F.Supp.3d at 992; *Gibson Wine*, 2016 U.S. Dist.

6  LEXIS 55053 at *14, 2016 WL 1626988.

7  ## II.  ANALYSIS

8  The undersigned addresses each challenged affirmative defense and Defendant's

9  opposition in seriatim.

10  ### A.  First Affirmative Defense: Failure to Exhaust Administrative Remedies

11  As her first affirmative defense, Defendant asserts that "any claims for which Plaintiff did

12  not exhaust the available administrative remedies . . . prior to bringing this lawsuit are barred

13  under the Prison Litigation Reform Act . . ."  (Doc. No. 21 at 10-11).  Plaintiff argues Defendant

14  "provide[s] no direct evidence of Plaintiff's failure to exhaust" and thus this affirmative defense

15  lacks "factual support."  (Doc. Nos. 23 at 3).  Accordingly, Plaintiff moves to strike Defendant's

16  affirmative defense of failure to exhaust administrative remedies.

17  Failure to exhaust administrative remedies is a proper affirmative defense.  *Albino v.*

18  *Baca*, 747 F.3d 1162 (9th Cir. 2014).  While Defendant has the burden of demonstrating failure to

19  exhaust administrative remedies, that burden is not a basis to strike the affirmative defense.  The

20  undersigned does not reasonably construe Plaintiff's argument as meaning that he does not have

21  fair notice of the failure to exhaust defense.  Consequently, the undersigned recommends the

22  district court deny Plaintiff's Motion to strike Defendant's first affirmative defense.

23  ### B.  Second and Third Affirmative Defenses: Qualified Immunity

24  As her second affirmative defense, Defendant asserts that because she "did not deprive

25  Plaintiff of any clearly established right, privilege, or immunity guaranteed to him by the

26  Constitution or laws of the United States" and because "Defendant reasonably believed her

27  conduct was lawful" she is entitled to qualified immunity.  (Doc. No. 21 at 11).  As her third

28  affirmative defense, Defendant asserts that:

> Defendant acted within the scope of her discretion, with due care, in good faith fulfillment of her responsibilities under applicable statutes, rules, regulations, and practices, reasonably under all circumstances known to her, and with the good-faith belief that the actions comported with all applicable federal and state laws and standards of practice.[3]

(*Id.*).  Plaintiff argues that Defendant fails to plead facts showing that she was acting in compliance with all relevant laws and standards of practice, and that it is her burden to make such a showing.  (Doc. No. 23 at 4).  Plaintiff further argues that "[a] mere denial of an element of Plaintiff's claims is not an affirmative defense . . . Defendant has the burden to prove that they are entitled to qualified immunity."  (*Id.*) (citations omitted).

Initially, it is well established that qualified immunity is an affirmative defense. *Crawford-El v. Britton*, 523 U.S. 574, 587 (1998).  The fact that Defendant ultimately bears the burden of establishing qualified immunity does not warrant striking the affirmative defense under Rule 12(f).  *See Smith v. Cobb*, 2017 WL 3887420, at *5 (S.D. Cal. Sept. 5, 2017).  Plaintiff does not dispute that he has received fair notice of these two affirmative defenses, which is sufficient to survive a motion to strike.  Thus, the undersigned recommends the District Court deny Plaintiff's Motion to strike Defendant's second and third affirmative defenses.

### C.  Defendant's Fourth Affirmative Defense: No Vicarious Liability

As her fourth affirmative defense, Defendant asserts she "cannot be held liable for the acts or omissions of another person; therefore, she is not liable for damages based on vicarious liability."  (Doc. No. 21 at 11).  Plaintiff moves to strike Defendant's affirmative defense because she "does not provide any facts to support there was another person involved, coupled with the fact Defendant failed to provide any legal support in support of this affirmative defense."  (Doc. No. 23 at 4).

Although one district court in the Southern District has upheld no vicarious liability as a valid affirmative defense in a § 1983 action, *Smith*, 2017 WL 3887420, at *6, another court in this district has found the affirmative defense of no vicarious liability as essentially alleging a defect

---

[3] While phrased differently than Defendant's Second Affirmative Defense, the Court construes Defendant's Third Affirmative Defense as likewise asserting qualified immunity.  *See Vega v. Soto*, 2023 WL 2645650, at *3 (E.D. Cal. Mar. 27, 2023) (affirmative defense containing virtually identical language asserted qualified immunity), *report and recommendation adopted*, 2023 WL 3077031 (E.D. Cal. Apr. 25, 2023).

in a plaintiff's prima facie case since vicarious liability is inapplicable in a § 1983 action.  *Vargas v. Cnty. of Yolo*, 2016 WL 3916329, at *8 (E.D. Cal. July 20, 2016).  Yet another court in this district found a no vicarious liability affirmative defense valid that cited Cal. Govt. Code § 820.8 in a case involving both federal and state law claims.  *Schmitz v. Asman*, 2022 WL 2340614, at *26 (E.D. Cal. June 29, 2022) *report and recommendation adopted*, 2022 WL 2954241 (E.D. Cal. July 26, 2022); *see also Winns v. Exela Enter. Sols., Inc*., 2021 WL 5632587, at *6 (N.D. Cal. Dec. 1, 2021) (denying motion to strike no vicarious liability affirmative defense where plaintiff had not met his burden to demonstrate the defense was immaterial).

Plaintiff's SAC, the operative pleading, predicates liability upon Defendant due to her personal participation in denying Plaintiff orthotic devices, not on supervisory responsibility. Nonetheless, Plaintiff's initial complaint asserted liability against another healthcare provider and his first amended complaint alleged liability against three other healthcare providers.  (See Doc. Nos. 1, 10).   "[V]icarious liability is inapplicable ... to § 1983 suits...." *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009); *see also Starr v. Baca*, 652 F.3d 1202, 1207 (9th Cir. 2011) (explaining that "when a supervisor is found liable based on deliberate indifference, the supervisor is being held liable for his or her own culpable action or inaction, not held vicariously liable for the culpable action or inaction of his or her subordinates.").  Considering Plaintiff's prior pleadings ascribing fault for the acts to other healthcare providers, to the extent that Plaintiff seeks to prove that Defendant should be held liable for the actions of her subordinates, this defense bars such a claim as a matter of law.  Thus, the undersigned does not recommend requiring further factual support for this affirmative defense because the burden would far outweigh the benefit.  *See Schmitz*, 2022 WL 2340614, at *26.  Accordingly, the undersigned recommends the district court deny Plaintiff's Motion to strike Defendant's fourth affirmative defense.

### D.  Defendant's Fifth Affirmative Defense: No Joint and Several Liability

As her fifth affirmative defense, Defendant asserts that "[j]oint and several liability is not available under 42 U.S.C. § 1983."  (Doc. No. 21 at 11).

Plaintiff moves to strike Defendant's fifth affirmative defense because Defendant does not provide any facts to support it.  (Doc. Nos. 23 at 4).  Additionally, Plaintiff argues Defendant fails

1    to provide any legal support in support of this affirmative defense.  (*Id.*).

2          Defendant voluntarily withdraws her fifth affirmative defense.  (Doc. No. 24 at 5).  Thus,

3    the Court need not address the viability of this affirmative defense.  Based on Defendant's

4    express withdrawal, the undersigned recommends that the district court find Plaintiff's Motion as

5    to Defendant's fifth affirmative defense moot.

6          **E.  Defendant's Sixth and Eighth Affirmative Defenses: Estoppel & Contributory**

7                **Negligence**

8          As to her sixth affirmative defense, Defendant asserts:

9                To the extent that Plaintiff suffered any injuries or damages from
10               the facts alleged in the SAC, such injuries or damages were the
                 result of Plaintiff's own negligent, unlawful, or deliberate actions,
11               and he is thereby estopped from seeking relief for such injuries or
                 damages.

12   (Doc. No. 21 at 11).  In her eighth affirmative defense, Defendant asserts, "[a]ny and all alleged

13   happenings and events, damages, and injuries, if any, were proximately caused, and contributed

14   to, by Plaintiff's own negligence and conduct."  (*Id.*).  Plaintiff argues that as to both affirmative

15   defenses, Defendant fails to set forth any legal or factual support and thus fails to provide fair

16   notice.  (Doc. No. 23 at 5).  The Court agrees.

17         Contributory negligence is an affirmative defense listed in Rule 8(c)(1).  However, "[a]

18   bare assertion of negligence or contributory fault without 'any indication of the conduct

19   supporting the defense' does not pass muster, even under the fair notice standard."  *Devermont v.*

20   *City of San Diego*, 2013 WL 2898342, 2013 U.S. Dist. LEXIS 83495, at *16-17 (S.D. Cal. June

21   12, 2013) (unpublished) (*quoting Roe v. City of San Diego*, 289 F.R.D. 604, 611-12 (S.D. Cal.

22   2013)).  This is particularly true given that, in this Court's analysis, it is unclear how Plaintiff's

23   conduct contributed to the harm he allegedly suffered.

24         The undersigned thus recommends that the district court grant Plaintiff's Motion to strike

25   Defendant's sixth and eighth affirmative defenses with leave to amend to provide some basis for

26   Defendant's claim that Plaintiff's conduct contributed to his injuries and damages.

27         **F.  Defendant's Seventh Affirmative Defense: Plaintiff's Failure to Mitigate**

28         As her seventh affirmative defense, Defendant asserts "If Plaintiff suffered any injuries or

1   damages, Plaintiff failed to mitigate such injuries or damages, thereby precluding or limiting

2   recovery for such injuries or damages." (Doc. No. 21 at 11).  Plaintiff moves to strike this

3   affirmative defense because Defendant did not establish that Plaintiff had a duty to mitigate.

4   (Doc. No. 23 at 5).  Plaintiff further argues Defendant's affirmative defense is conclusory and

5   fails to provide any factual allegations that Plaintiff failed to mitigate.  (*Id*.).

6          Defendant responds that she provided sufficient "fair notice" through a generalized

7   statement and that failure to mitigate is generally recognized as a valid affirmative defense.  *See,*

8   *e.g, J & J Sports Prods., Inc. v. Delgado*, 2011 WL 219594, at *2 (E.D. Cal. Jan. 19, 2011);

9   *Kaur*, 2016 WL 627308, at *5.

10         A failure to mitigate "generally arises when an injured party could have prevented the

11   continuation or enhancement of the injury."  *J&J Sports Prods., Inv. v. Delgado*, 2011 WL

12   219594, *2 (E.D. Cal. Jan. 19, 2011).  Admittedly a failure to mitigate is an affirmative defense,

13   but here the affirmative defense is conclusory and devoid of factual support.  The Court

14   recognizes that affirmative defenses need very little, if any, facts to support them.  *Wysack*, 607

15   F.2d at 827 (holding that an answer that simply alleged "plaintiff's claims are barred by the

16   applicable statute of limitations" along with an attached memorandum that specified Cal. Code

17   Civ. P. § 338.1 as the applicable limitations period was sufficient to give the plaintiff "fair

18   notice").  However, there are myriad ways in which a plaintiff can fail to mitigate damages.

19   Presumably Defendant is in possession of facts that reasonably suggest a failure to mitigate.  A

20   brief description of that factual basis should be included so that this defense is not "fact barren."

21   *Gomez*, 188 F.Supp.2d at 992.  Because the affirmative defense does not give any inkling as to

22   how Plaintiff failed to mitigate his damages, fair notice is not given.  *See DeSalvo v. Islands*

23   *Rest., L.P.*, 2020 U.S. Dist. LEXIS 125922, *15, 2020 WL 4035071 (C.D. Cal. July 16, 2020)

24   (striking a failure to mitigate affirmative defense because no factual basis of any kind was pled);

25   *Dodson v. CSK Auto, Inc.*, 2013 U.S. Dist. LEXIS 106817, 2013 WL 3942002, *2 (E.D. Cal. Jul.

26   30, 2013); *Kohler v. Staples the Officer Superstore, LLC*, 291 F.R.D. 464, 469 (S.D. Cal. 2013);

27   *Kaur v. City of Lodi*, 2016 WL 627308 *5 (E.D. Cal. Feb 17, 2016) (ruling that defendants

28   properly asserted an affirmative defense for plaintiff's failure to mitigate damages because

7

defendants explained in their affirmative defense that plaintiff failed to mitigate emotional damages because she did not seek counseling); *cf. Guirgois v. U.S. Bank, N.A.*, 2021 U.S. Dist. LEXIS 37379, *9, 2021 WL 779111 (W.D. Was. Mar. 1, 2021) (refusing to strike mitigation affirmative defense where the factual grounds for the defense, a failure to accept a modification agreement, was identified); *Gomez*, 188 F.Supp.3d at 1003 (striking without prejudice an inapplicable mitigation defense but requiring any amendment to explain the factual and legal basis for the mitigation defense).  Because the seventh affirmative defense is insufficiently plead, the undersigned recommends the district court grant Plaintiff's motion to strike Defendant's seventh affirmative defense, without prejudice, to amend her answer should she be able to plead facts in support.

### G. Defendant's Ninth Affirmative Defense: Standard of Practice

As her ninth affirmative defense, Defendant asserts "that the actions of Defendant at all times relevant were in accordance with the standards of practice among members of the same health care profession with similar training and experience situated in the same or similar communities at the time of the act or omission giving rise to the claims in Plaintiff's action." (Doc. No. 21 at 12).  Plaintiff argues Defendant's affirmative defense lacks factual support. (Doc. No. 23 at 5).

Defendant voluntarily withdraws her ninth affirmative defense.  (Doc. No. 25 at 6).  Thus, the Court need not address the viability of this affirmative defense.  Based on Defendant's express withdrawal, the undersigned recommends that the district court find Plaintiff's Motion to strike Defendant's ninth affirmative defense moot.

### H. Defendant's Tenth Affirmative Defense: No Malicious Intent

As her tenth affirmative defense, Defendant asserts that she "did not act with malicious intent to deprive Plaintiff, or any other person, of any constitutional right or to cause any other injury; therefore, Defendant is not liable for compensatory, punitive, exemplary, or any other damages.  (Doc. No. 21 at 12).

Plaintiff moves to strike Defendant's tenth affirmative defense, arguing inter alia that it is an improper affirmative defense.  (Doc. No 23 at 6).

8

Defendant voluntarily withdraws her tenth affirmative defense.  (Doc. No. 25 at 6).  Thus, the Court need not address the viability of this affirmative defense.  Based on Defendant's express withdrawal, the undersigned recommends that the district court find Plaintiff's Motion to strike Defendant's tenth affirmative defense moot.

**I.  Defendant's Twelfth Affirmative Defense: Reservation of Affirmative Defenses**

As her twelfth affirmative defense, Defendant asserts that:

> [b]ecause the SAC contains vague and conclusory allegations, Defendant cannot fully anticipate all affirmative defenses that may be applicable to this matter. Accordingly, Defendant may seek to amend this Answer to assert additional affirmative defenses if and after Plaintiff's allegations and theories become clear.

(Doc. No. 21 at 12).  Plaintiff moves to strike the twelfth affirmative defense because it is not a valid affirmative defense.  (Doc. No. 23 at 6).

Defendant voluntarily withdraws her twelfth affirmative defense.  (Doc. No. 25 at 7). Thus, the Court need not address the viability of this affirmative defense.  Based on Defendant's express withdrawal, the undersigned recommends that the district court find Plaintiff's Motion to strike Defendant's twelfth affirmative defense moot.

## CONCLUSION

Generally, where a court strikes an affirmative defense, leave to amend should be given to attempt to cure the deficiency so long as there is no prejudice.  *Wyshak*, 607 F.2d at 826;  *Gomez*, 188 F.Supp.3d at 993.  The undersigned independently cannot find prejudice given the procedural posture of this case.  Thus, the undersigned recommends the district court follow the general rule and permit Defendant a limited time to file an amended answer to attempt to cure the pleading insufficiencies discussed above.

Based on the foregoing, the undersigned **RECOMMENDS**:

1.  Plaintiff's Motion be GRANTED as to Defendant's following affirmative defenses: sixth (estoppel), seventh (contributory negligence), and eighth (failure to mitigate) and Defendant's sixth, seventh, and eighth affirmative defenses be STRICKEN without prejudice and Defendant be granted leave to amend these defenses;

2.   Plaintiff's Motion be deemed MOOT as to Defendant's following affirmative defenses that were withdrawn:  fifth (no joint and several liability), ninth (standard of practice), tenth (no malicious intent), and twelfth (reservation of affirmative defenses);

3.   Plaintiff's Motion be DENIED as to Defendant's following affirmative defenses: first (failure to exhaust), second (qualified immunity), third (qualified immunity), and fourth (vicarious liability).

NOTICE TO PARTIES

These findings and recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1).  Within **fourteen (14) days** after being served with these findings and recommendations, a party may file written objections with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal.  *Wilkerson v. Wheeler*, 772 F.3d 834, 838-39 (9th Cir. 2014) (*citing Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

Dated:    November 20, 2023

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE

10