UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERIC WARREN,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>N. NDU,<br><br>　　　　　Defendant. | Case No. 1:21-cv-00120-JLT-HBK (PC)<br><br>ORDER GRANTING DEFENDANT'S MOTION FOR STAY OF DISCOVERY<br><br>(Doc. No. 29) |

On October 31, 2023, Defendant Ndu filed an exhaustion-based Motion for Summary Judgment. (Doc. No. 25, "MSJ"). Plaintiff filed an opposition (Doc. No. 27), and Defendant filed a reply (Doc. No. 28). Thus, the MSJ is fully briefed and rip for review by the Court.

On December 6, 2023, Defendant filed a Motion to Stay Discovery and Vacate Deadlines pending the Court's ruling on the MSJ. (Doc. No. 29, "Motion"). Defendant points out no further discovery is needed to resolve the pending MSJ and argues a stay will avoid unnecessary expenditure of resources given that the Court's ruling will potentially dispose of the entire case. (*Id*. at 2-4). Plaintiff did not file a response to the Motion and the time to do so has expired. See Local Rule 230(l).

A federal court enjoys "broad discretion to stay proceedings as an incident to its power to control its own docket." *Clinton v. Jones*, 520 U.S. 681, 706 (1997). And magistrate judges have broad discretion to stay discovery pending decisions on dispositive motions, including motions

for summary judgment. *Panola Land Buyers Ass'n v. Shuman*, 762 F.2d 1550 (11th Cir. 1985); *see also Scroggins v. Air Cargo, Inc.*, 534 F.2d 1124, 1133 (5th Cir. 1976).  The court may, for example, stay discovery when it is convinced that a plaintiff will be unable to state a claim for relief or if the action is moot.  *B.R.S. Land Investors v. United States*, 596 F.2d 353, 356 (9th Cir.1979); *Wood v. McEwen*, 644 F.2d 797, 801 (9th Cir. 1981), cert. denied, 455 U.S. 942 (1982).

The Court applies a two-part test to evaluate the need for discovery while a potentially dispositive motion is pending.  *Pacific Lumber Co. v. Nat'l Union of Fire Ins. Co. of Pittsburg, PA*, 220 F.R.D. 349, 351-52 (N.D. Cal. 2003); *Mlejnecky v. Olympus Imaging Am., Inc.*, 2011 WL 489743, at *6 (E.D. Cal. Feb. 7, 2011).  First, the "pending motion must be potentially dispositive of the entire case, or at least dispositive on the issue at which discovery is directed." *Pacific Lumber*, 220 F.R.D. at 352.  Second, "the court must determine whether the pending dispositive motion can be decided absent additional discovery." *Id*.  Here, both prongs are satisfied.  The pending MSJ would be dispositive of the entire case.  And based on a review of the briefing submitted, no further discovery is needed to decide the pending MSJ.  Good cause exists to grant the stay as it serves the interests of judicial economy and avoids unnecessary effort and expense by the parties.

Accordingly, it is **ORDERED:**

1. Defendant's Motion to Stay Discovery and Vacate Deadlines (Doc. No. 29) is **GRANTED**.
2. The Court **STAYS** discovery and all deadlines in the Court's August 18, 2023 Discovery and Scheduling Order (Doc. No. 22), pending resolution of Defendant's Motion for Summary Judgment (Doc. No. 25).

Dated:   January 10, 2024

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE

2